IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GORDON MAAG,**

    **Plaintiff,**

**v.**

**CHICAGOLAND CHAMBER OF COMMERCE,**
**a not-for-profit corporation, et al.**

    **Defendants.**                                Case No. 05-CV-711-DRH

## ORDER

**HERNDON, District Judge:**

        The Court hereby issues this Order *sua sponte* in order to correct a procedural issue regarding proper designation of real parties in interest in this case and issuance of subpoenas. This matter does not reach the Court as a suit removed by a party from state court. Plaintiff originally filed his action in federal court, and has since filed his Amended Complaint (Doc. 3), alleging a jurisdictional basis of diversity jurisdiction pursuant to **28 U.S.C. § 1332**. However, aside from the ten separate defendants against whom Plaintiff has brought this suit, Plaintiff additionally designates thirteen separate parties as "respondents in discovery," pursuant to an Illinois state civil procedure rule, **735 ILL. COMP. STAT. § 5/2-404**.

        Under the *Erie* doctrine, the Court will apply federal procedure and state substantive law. ***Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie***

***R. Co. v. Tompkins*, 304 U.S. 64 (1938))**.[1] Therefore, the Court does not recognize these "respondents in discovery." As such, the Court refuses to issue subpoenas for Plaintiff's designated "respondents in discovery." Instead, the Court only recognizes real parties in interest, pursuant to **FED. R. CIV. P. 17**. Therefore, should Plaintiff wish to subsequently add any of these parties as defendants to the suit, he should proceed to do so under the federal rules for joinder, pursuant to either **FED. R. CIV. P. 19** or **FED. R. CIV. P. 20**.

Accordingly, the Court **STRIKES** from this case the parties designated by Plaintiff as "respondents in discovery," but further allows Plaintiff to add such parties as defendants in the case, if applicable, pursuant to federal joinder rules.

**IT IS SO ORDERED.**

This 3rd day of October, 2005.

/s/         David RHerndon
**United States District Judge**

---

[1] ***See also Murphy v. Schering Corp.*, 878 F. Supp. 124, 126 (N.D. Ill. 1995).** In *Murphy*, the plaintiff attempted to bring a suit in federal district court on the basis of federal diversity jurisdiction. In examining whether such jurisdiction was proper, the district court noted that plaintiff had designated a party as a "respondent in discovery," pursuant to **735 ILL. COMP. STAT. § 5/2-404**. Finding that under the *Erie* doctrine, Illinois procedural rules did not apply to a federal case, the district court thereby struck plaintiff's designation of the party as a "respondent in discovery. Further, the district court refused to include plaintiff's "respondent in discovery" as a party to the litigation, stating that such party could only be subsequently joined to a federal action pursuant to **FED. R. CIV. P. 19** or **FED. R. CIV. P. 20**.

However, it has previously been held that when a case initially filed in Illinois state court is then removed to federal court, the federal district court may recognize "respondents in discovery" (**735 ILL. COMP. STAT. § 5/2-404**) for purposes of examining whether to dismiss such parties because Plaintiff had failed to move to convert the parties from "respondents in discovery" to defendants within the statutory time limit. ***Roe v. Little Co. of Mary Hosp.*, 815 F. Supp. 244, (N.D. Ill. 1995).** However, this line of reasoning is distinguished from the instant case because there has been no removal – Plaintiff has elected to file his original complaint in federal court, but then attempts to utilize a state procedural rule.